UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

04 11102

2004 MAY 24 P 4: 49

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| PACIFIC PACKAGING <br> PRODUCTS, INC., <br>     Plaintiff, <br><br> v. <br><br> BALDWIN & CLARKE, <br> JEFFERSON PILOT SECURITIES CORP., <br> BENEFIT STRATEGIES, LLC, <br> MICHAEL J. KENNEDY, AND <br> SCOTT D. LAVALLEY <br><br>     Defendant. | ) <br> ) <br> ) <br> ) <br> )   Civil Action No. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### MEMORANDUM SUPPORTING DEFENDANTS' MOTION TO DISMISS

Defendants Baldwin & Clarke Advisory Services, Inc. ("Baldwin & Clarke"), Jefferson

Pilot Securities Corp. ("Jefferson"), Michael J. Kennedy ("Kennedy"), and Scott D. LaValley

("LaValley") (collectively "the Advisor Defendants") submit the following memorandum in

support of their motion to dismiss Counts I, II, IV, V, VI, VII, IX and X of Plaintiff's

Complaint..  As explained below, all of the aforementioned claims are preempted by the

Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, et seq., ("ERISA"), so they

should be dismissed, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which

relief may be granted.

### Factual Allegations in Complaint

According to the Complaint, Plaintiff Pacific Packaging Products, Inc. ("Pacific

Packaging") is the trustee of the Pacific Packaging Products, Inc. Employees 401K Plan (the

"Plan"). (Compl. ¶ 7.) Although the Complaint does not provide any description of the Plan,

other than that it has "participants," (Compl. ¶¶ 15-16), the Plan's title strongly implies, and the

Advisor Defendants do not dispute, that it is a retirement benefits plan established for Pacific Packaging's employees. (See Compl. ¶ 7.)[1]  Pacific Packaging alleges that in October 2002,[2] it entered into a business relationship with Defendants Kennedy and LaValley as agents, employees, and/or representatives of Defendants Baldwin & Clarke & Jefferson. (Compl. ¶ 7.) Pursuant to this relationship, Kennedy and LaValley were allegedly hired to act as the Plan's investment advisors. (Compl. ¶ 8.)

Kennedy and LaValley recommended to the Plaintiff that the Plan change investment vendors from MFS Funds to American Funds.  (Compl. ¶ 9.)  Implying that the Plaintiff followed this recommendation, the Complaint states that Kennedy and/or LaValley contracted for Benefit Strategies, LLC ("Benefit Strategies") "to act as the Plan's administrator and facilitate the transfer from MFS Funds to American Funds." (Compl. ¶ 10.) The Plaintiff claims that it relied on Kennedy and LaValley to assist and oversee the transfer and to respond to the needs of the Plan and act in the best interest of the Plaintiff. (Compl. ¶ 11.) On or about January 31, 2003, the MFS Funds were liquidated, and all the Defendants, acting on behalf of the Plaintiff, were required to purchase American Funds that were the most comparable in terms of investment objectives – a procedure called "mapping." (Compl. ¶ 12.) The Complaint alleges that "[a]s a result of error on the part of the Defendants, certain funds from an MFS Fund were not transferred to the comparable American Fund." (Compl. ¶ 14.)  "The error in transfer resulted in a loss to the participants of the Plan." (Compl. ¶ 15.) As a result, the Plaintiff had to pay $56,659 into the Plan "to bring the earnings of the Plan participants within that particular fund up to the balance they would have earned had the correct funds been mapped and the transfer made." (Compl. ¶ 16.)

---

[1]    Since this fact is undisputed, there is no need for this Court to look beyond the pleadings, and thereby convert this motion to dismiss into a motion for summary judgment under Rule 56.

[2]    Due to an apparent clerical error, the Complaint actually refers to October "2003." (Compl. ¶ 7.)

BOS_446752_1.DOC/MDUBNOFF

The Plaintiff sued Baldwin & Clarke, Jefferson, Benefit Strategies, Kennedy and LaValley for negligence and indemnification.  The negligence counts against Kennedy (Count IV) and LaValley (Count V) were nearly identical to one another, each alleging that the Defendant had a duty "to oversee the mapping process and proper transfer of funds from the MFS Funds to American Funds," which the Defendant breached, resulting in damages to the Plaintiff of $56,659.  (Compl. ¶¶ 30-37.)  The negligence claims against Baldwin & Clarke (Count I) and Jefferson (Count II) differed from Counts IV and V only to the extent that they alleged that the Defendants were acting through their "employees, agents and representatives Michael J. Kennedy and Scott D. LaValley."  (Compl. ¶¶ 18-25.)  The indemnification allegations against Baldwin & Clarke (Count VI), Jefferson (Count VII), Kennedy (Count IX) and LaValley (Count X), were not materially different than the negligence claims, except that they were based on each Defendant's alleged failure to perform its obligation, "whether by negligence, omissions or intentional conduct." (Compl. ¶¶ 38-45, 50-57.)

### Legal Analysis

A claim should be dismissed under Fed. R. Civ. P. 12(b)(6) "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Gorski v. New Hampshire Department of Corrections, 290 F.3d 466, 473 (1st Cir. 2002).  In this case, the Plaintiff has asserted common law claims of negligence and indemnification against each of the Advisor Defendants, all of which arise out of the Defendants' alleged failures to oversee the mapping process and transfer of funds in which the Plan was invested.  It is well established, however, that ERISA "supercede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan," 29 U.S.C. § 1144(a), which is defined to include "an employee pension benefit

plan." 29 U.S.C. § 1002(3). An "employee pension benefit plan," in turn, is defined as any plan, fund, or program maintained by an employer, an employee organization, or both, that "(i) provides retirement income to employees, or (ii) results in a deferral of income by employees for periods extending to the termination of covered employment or beyond ... ." 29 U.S.C. § 1002(2)(A).

The Supreme Court has described ERISA's preemption provisions as "deliberately expansive, and designed to 'establish pension plan regulation as exclusively a federal concern.'" Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 46 (1987) (quoting Alessi v. Raybestos-Manhattan, Inc., 451 U.S. 504, 523 (1981)). ERISA preempts all state laws that "relate to" employee benefit plans, including any common law claims. Whalen v. Wyman-Gordon Co., 976 F. Supp. 95, 97 (D. Mass. 1997) (citing 29 U.S.C. § 1044(a)). A law "relates to" an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan. Ingersoll-Rand Co. v. McLendon, 498 U.S. 133, 138 (1990). "Under this 'broad common-sense meaning,' a state law may 'relate to' a benefit plan, and thereby be pre-empted, even if the law is not specifically designed to affect such plans, or the effect is only indirect." Id. (citation omitted).

One test for determining whether a state law "relates to" an ERISA plan is the following: If a plaintiff, in order to prevail, must prove the existence of, or specific terms of, an ERISA plan, then the state law cause of action is expressly preempted by ERISA. McMahon v. Digital Equipment Corp., 162 F.3d 28, 38 (1st Cir. 1998). Thus, in McMahon, the First Circuit held that a plaintiff who claimed that she had wrongly been denied disability insurance payments could not bring common law claims against the manager of the disability insurance program for negligence, breach of contract, and interference with an advantageous business relationship, because those claims were preempted by ERISA. 162 F.3d at 38. In order to prove those claims,

BOS_446752_1.DOC/MDUBNOFF

the Court stated, the plaintiff would have to establish her eligibility for disability benefits under the plan. Id. Similarly, the Court held that ERISA pre-empted the plaintiff's claims against her employer for breach of contract, negligent administration, unfair trade practices, and interference with an advantageous relationship, because each claim required her to prove the terms of her ERISA plan. Id. at 38-39.

Applying that test here, it is clear that Pacific Packaging's claims against the Advisor Defendants "relate to" an ERISA plan, because each allegation requires the Plaintiff to demonstrate the existence of the Plan. Without the Plan, there could not have been any failure to oversee the mapping from the MFS funds to the American funds. Nor would the Plaintiff have suffered any damages. Since the Plaintiff's claims all "relate to" an "employee benefit plan," ERISA pre-empts all of those claims. This Court, therefore, should dismiss them.

In many ways, this case is like Dudley Supermarket, Inc. v. Transamerica Life Ins. & Annuity Co., 302 F.3d 1 (2002), in which trustees of an employee retirement benefits plan brought a series of claims against a financial services company that had provided investment advice to the trustees. The plaintiffs alleged that the defendant gave them deficient investment advice and asserted claims for negligence, breach of contract, and unfair business practices in violation of Mass. Gen. Laws ch.93A, §§ 2 & 11. 302 F.3d at 2. More specifically, the plaintiffs alleged that the defendant had "failed to provide adequate information concerning its investment practices, to provide accurate actuarial statements, and to disclose that the plan was underperforming." Id. at 3-4. The plaintiffs claimed that they relied on the defendant's deficient advice and placed their assets in interest-based investments at a time when stocks were substantially outperforming fixed-income investments.[3] Id. at 4. The Defendants argued that

---

[3]     Although not stated in the Complaint (so they should not be considered in the motion to dismiss), the facts in the present case are strikingly similar. The alleged "mapping" error involves the placement of the Plan's assets in

BOS_446752_1.DOC/MDUBNOFF

ERISA preempted all the plaintiff's claims, and the First Circuit agreed. Id. (stating: "appellants' state law claims in reality assert that Transamerica as an ERISA fiduciary gave an ERISA plan inadequate investment advice and thus the claims fall squarely within the exclusive scope of [ERISA]."). Pacific Packaging's claims against the Advisor Defendants in this case also fall squarely within the exclusive scope of ERISA. Thus, they are preempted.

### Conclusion

For all the foregoing reasons, this Court should dismiss Counts I, II, IV, V, VI, VII, IX and X of Plaintiff's Complaint for failure to state a claim upon which relief may be granted.

Respectfully Submitted,
BALDWIN & CLARKE,
JEFFERSON PILOT SECURITIES CORP.,
MICHAEL J. KENNEDY, AND
SCOTT D. LAVALLEY,
By their attorneys

John D. Hughes (BBO# 243660)
Mark B. Dubnoff (BBO# 637212)
EDWARDS & ANGELL, LLP
101 Federal Street
Boston, MA  02110
(617) 439-4444

May 24, 2004

---

an interest-earning bond fund instead of in a more aggressive stock fund, which supposedly earned $56,659 more than the income fund earned during the same time period.

BOS_446752_1.DOC/MDUBNOFF

## CERTIFICATE OF SERVICE

I, Mark B. Dubnoff, hereby certify that on this 24th day of May, 2004, I caused a copy of the foregoing document to be sent by first-class mail, postage prepaid, to Plaintiff's counsel, Lora M. McSherry, Esq., Phillips, Gerstein, Holber & Channen, LLP, 25 Kenoza Avenue, Haverhill, MA 01830.

Mark B. Dubnoff