UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PACIFIC PACKAGING PRODUCTS, INC.,       )<br>                                                                      )<br>                     Plaintiff,                              )<br>                                                                      )<br>       v.                                                          )<br>                                                                      )        Civil Action<br>BALDWIN & CLARKE, JEFFERSON PILOT )        No. 04-11102-MLW<br>SECURITIES CORP., BENEFIT STRATEGIES, )<br>LLC, MICHAEL J. KENNEDY, and              )<br>SCOTT D. LAVALLEY,                               )<br>                                                                      )<br>                     Defendants.                        )<br>                                                                      ) |  |

## ANSWER OF DEFENDANT
## BENEFIT STRATEGIES, LLC

Defendant Benefit Strategies, LLC ("Benefit Strategies"), answers the Complaint of the Plaintiff Pacific Packaging Products, Inc. ("Pacific Packaging"), filed in the Middlesex County Superior Court and removed to this Court by Defendants Baldwin & Clarke, Michael J. Kennedy and Scott D. LaValley, as follows:

1.      Benefit Strategies lacks sufficient information to admit or deny the allegations in paragraph 1 of the Complaint, and therefore neither admits nor denies those allegations.

2.      Benefit Strategies lacks sufficient information to admit or deny the allegations in paragraph 2 of the Complaint, and therefore neither admits nor denies those allegations.

3.      Benefit Strategies lacks sufficient information to admit or deny the allegations in paragraph 3 of the Complaint, and therefore neither admits nor denies those allegations.

PDF created with FinePrint pdfFactory Pro trial version www.pdffactory.com

- 2 -

4.	Admitted; however, the address of Benefit Strategies is 967 Elm Street, Manchester, NH 03105.

5.	Benefit Strategies lacks sufficient information to admit or deny the allegations in paragraph 5 of the Complaint, and therefore neither admits nor denies those allegations.

6.	Benefit Strategies lacks sufficient information to admit or deny the allegations in paragraph 6 of the Complaint, and therefore neither admits nor denies those allegations.

7.	Benefit Strategies lacks sufficient information to admit or deny the allegations in the first and third sentences of paragraph 7 of the Complaint, and the allegations are therefore denied.  Second sentence:  Admitted.

8.	Benefit Strategies lacks sufficient information to admit or deny the allegations in paragraph 8 of the Complaint, and therefore neither admits nor denies those allegations.

9.	Benefit Strategies lacks sufficient information to admit or deny the allegations in paragraph 9 of the Complaint, and therefore neither admits nor denies those allegations.

10.	Benefit Strategies admits that it was hired to act as the plan's administrator and to facilitate the transfer of MFS funds to American funds.  The remaining allegations in paragraph 10 are denied.

11.	Paragraph 11 of the Complaint states conclusions of law requiring no answer, but to the extent an answer is required, the allegations are denied.

12.	Benefit Strategies admits that on or about January 31, 2003, the MFS funds were liquidated, and that Benefit Strategies purchased various American funds as directed by Pacific Packaging and Defendants Baldwin & Clarke, Kennedy and LaValley.  The remaining allegations in Paragraph 12 are denied.

PDF created with FinePrint pdfFactory Pro trial version www.pdffactory.com

- 3 -

13. Paragraph 13 of the Complaint states conclusions of law requiring no answer, but to the extent an answer is required, the allegations are denied. In further answering, Benefit Strategies states that it complied with all instructions regarding the transfer of funds.

14. Denied.

15. Paragraph 15 of the Complaint states conclusions of law requiring no answer, but to the extent that an answer is required, the allegations are denied.

16. Denied.

17. Paragraph 17 of the Complaint states conclusions of law requiring no answer, but to the extent an answer is required, the allegations are denied. In further answering, Benefit Strategies states that if losses were incurred by the Plan, any such losses were not the responsibility of Benefit Strategies.

18. Paragraph 18 of the Complaint states conclusions of law requiring no answer, but to the extent an answer is required, the allegations are denied.

19. Paragraph 19 of the Complaint states conclusions of law requiring no answer, but to the extent an answer is required, the allegations are denied.

20. Paragraph 20 of the Complaint states conclusions of law requiring no answer, but to the extent an answer is required, the allegations are denied.

21. Paragraph 21 of the Complaint states conclusions of law requiring no answer, but to the extent an answer is required, the allegations are denied.

22. Paragraph 22 of the Complaint states conclusions of law requiring no answer, but to the extent an answer is required, the allegations are denied.

23. Paragraph 23 of the Complaint states conclusions of law requiring no answer, but to the extent an answer is required, the allegations are denied.

PDF created with FinePrint pdfFactory Pro trial version www.pdffactory.com

24. Paragraph 24 of the Complaint states conclusions of law requiring no answer, but to the extent an answer is required, the allegations are denied.

25. Paragraph 25 of the Complaint states conclusions of law requiring no answer, but to the extent an answer is required, the allegations are denied.

26. Paragraph 26 of the Complaint states conclusions of law requiring no answer, but to the extent an answer is required, the allegations are denied.  In further answering, Benefit Strategies states that it complied with all instructions regarding the transfer of funds.

27. Paragraph 27 of the Complaint states conclusions of law requiring no answer, but to the extent an answer is required, the allegations are denied.  In further answering, Benefit Strategies states that it performed all of its obligations regarding the transfer of funds on the instruction of Pacific Packaging or Baldwin & Clarke.

28. Denied.

29. Denied.

30. Paragraph 30 of the Complaint states conclusions of law requiring no answer, but to the extent an answer is required, the allegations are denied.

31. Paragraph 31 of the Complaint states conclusions of law requiring no answer, but to the extent an answer is required, the allegations are denied.

32. Paragraph 32 of the Complaint states conclusions of law requiring no answer, but to the extent an answer is required, the allegations are denied.

33. Paragraph 33 of the Complaint states conclusions of law requiring no answer, but to the extent an answer is required, the allegations are denied.

34. Paragraph 34 of the Complaint states conclusions of law requiring no answer, but to the extent an answer is required, the allegations are denied.

PDF created with FinePrint pdfFactory Pro trial version www.pdffactory.com

35. Paragraph 35 of the Complaint states conclusions of law requiring no answer, but to the extent an answer is required, the allegations are denied.

36. Paragraph 36 of the Complaint states conclusions of law requiring no answer, but to the extent an answer is required, the allegations are denied.

37. Paragraph 37 of the Complaint states conclusions of law requiring no answer, but to the extent an answer is required, the allegations are denied.

38. Paragraph 38 of the Complaint states conclusions of law requiring no answer, but to the extent an answer is required, the allegations are denied.

39. Paragraph 39 of the Complaint states conclusions of law requiring no answer, but to the extent an answer is required, the allegations are denied.

40. Paragraph 40 of the Complaint states conclusions of law requiring no answer, but to the extent an answer is required, the allegations are denied.

41. Paragraph 41 of the Complaint states conclusions of law requiring no answer, but to the extent an answer is required, the allegations are denied.

42. Paragraph 42 of the Complaint states conclusions of law requiring no answer, but to the extent an answer is required, the allegations are denied.

43. Paragraph 43 of the Complaint states conclusions of law requiring no answer, but to the extent an answer is required, the allegations are denied.

44. Paragraph 44 of the Complaint states conclusions of law requiring no answer, but to the extent an answer is required, the allegations are denied.

45. Paragraph 45 of the Complaint states conclusions of law requiring no answer, but to the extent an answer is required, the allegations are denied.

PDF created with FinePrint pdfFactory Pro trial version www.pdffactory.com

46. Paragraph 46 of the Complaint states conclusions of law requiring no answer, but to the extent an answer is required, the allegations are denied.

47. Paragraph 47 of the Complaint states conclusions of law requiring no answer, but to the extent an answer is required, the allegations are denied.

48. Paragraph 48 of the Complaint states conclusions of law requiring no answer, but to the extent an answer is required, the allegations are denied.

49. Paragraph 49 of the Complaint states conclusions of law requiring no answer, but to the extent an answer is required, the allegations are denied.

50. Paragraph 50 of the Complaint states conclusions of law requiring no answer, but to the extent an answer is required, the allegations are denied.

51. Paragraph 51 of the Complaint states conclusions of law requiring no answer, but to the extent an answer is required, the allegations are denied.

52. Paragraph 52 of the Complaint states conclusions of law requiring no answer, but to the extent an answer is required, the allegations are denied.

53. Paragraph 53 of the Complaint states conclusions of law requiring no answer, but to the extent an answer is required, the allegations are denied.

54. Paragraph 54 of the Complaint states conclusions of law requiring no answer, but to the extent an answer is required, the allegations are denied.

55. Paragraph 55 of the Complaint states conclusions of law requiring no answer, but to the extent an answer is required, the allegations are denied.

56. Paragraph 56 of the Complaint states conclusions of law requiring no answer, but to the extent an answer is required, the allegations are denied.

PDF created with FinePrint pdfFactory Pro trial version www.pdffactory.com

57.    Paragraph 57 of the Complaint states conclusions of law requiring no answer, but to the extent an answer is required, the allegations are denied.

## AFFIRMATIVE DEFENSES

In further answering, Defendant Benefit Strategies, LLC states as follows:

### FIRST AFFIRMATIVE DEFENSE

Any harm suffered by the Plaintiff Pacific Packaging is a result of actions by third parties for whom Benefit Strategies had no responsibility or control.

### SECONDAFFIRMATIVE DEFENSE

Any damages caused to the Plaintiff Pacific Packaging were not caused by the Defendant Benefit Strategies.

### THIRD AFFIRMATIVE DEFENSE

All claims raised by Plaintiff are preempted and barred by the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 et seq.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail to state a claim upon which relief may be granted.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of contributory or comparative negligence.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has no contractual or other right of indemnity from the Defendant Benefit Strategies.

PDF created with FinePrint pdfFactory Pro trial version www.pdffactory.com

Respectfully submitted,

BENEFIT STRATEGIES, LLC

By its attorneys,

McLANE, GRAF, RAULERSON & MIDDLETON,
 PROFESSIONAL ASSOCIATION

Dated: June 7, 2004        By:     /s/ Anthony S. Augeri
                Anthony S. Augeri, BBO #648696
                900 Elm Street, P.O. Box 326
                Manchester, New Hampshire 03105
                Telephone (603) 625-6464

**Certificate of Service**

I, Anthony S. Augeri, hereby certify that I caused the foregoing Answer to be served upon the following via electronic transmission in accordance with the Court's Administrative Procedures for Electronic Case Filing on June 7, 2004:

| | |
|---|---|
| John D. Hughes | Lora M. McSherry, Esq. |
| Mark B. Dubnoff | Phillips, Gerstein, Holber & Channen, LLP |
| Edwards & Angell, LLP | |
| 101 Federal Street | 25 Kenoza Avenue |
| Boston, MA 02110 | Haverhill, MA 01830 |

        /s/ Anthony S. Augeri
    Anthony S. Augeri

PDF created with FinePrint pdfFactory Pro trial version www.pdffactory.com

M:\DATA\2\24069\WAG\NEWMATT\benstrat\00293614.DOC
June 7, 2004  2:09 PM

- 9 -

PDF created with FinePrint pdfFactory Pro trial version www.pdffactory.com