# Edwards & Angell LLP

101 Federal Street   Boston, MA 02110   617.439.4444   fax 617.439.4170

Mark B. Dubnoff
617.951.5533
mdubnoff@EdwardsAngell.com

*FILED*
*IN CLERK'S OFFICE*
2004 JUN 25 A
*U.S. DISTRICT COURT*
*DISTRICT OF MASS.*



June 24, 2004

Civil Clerk's Office
United States District Court for the
   District of Massachusetts
One Courthouse Way
Boston, MA  02210

Re:   Pacific Packaging Products, Inc. v. Baldwin & Clarke, et al.
       USDC, Civil Action No. 04-11102-MLW

Dear Sir/Madam:

Pursuant to Local Rule 81.1(a), Defendants Baldwin & Clarke, Jefferson Pilot Securities Corp., Michael J. Kenney and Scott D. LaValley herby file certified copies of all records and proceedings in the state court and the certified copy of all docket entries in the state court.

Thank you for your assistance in this matter.

Very truly yours,

Mark B. Dubnoff

Enclosures
cc (w/o encls):   John D. Hughes, Esq.
                  Lora M. McSherry, Esq.
                  Anthony S. Augeri, Esq.

BOS_450531_1/MDUBNOFF

MICV2004-01576



PACIFIC PACKAGING PRODUCTS, INC

V.

BALDWIN & CLARKE, ET AL

****REMOVED TO US DISTRICT COURT****

**Commonwealth of Massachusetts**
**SUPERIOR COURT DEPARTMENT**
**THE TRIAL COURT**
**CAMBRIDGE**

MICV 2004-01576

I, Karen O'Connor, Deputy Assistant Clerk of the Superior Court, within and for said County of Middlesex, do certify that the annexed papers are true copies made by photographic process of pleadings entered in the Superior Court on the 14th of April in the year of our Lord, Two Thousand Four



In testimony whereof, I hereunto set my hand and affix the seal of said Superior Court, at Cambridge, in said County, this 21st of June, in the year of our Lord, Two Thousand Four

Karen A. O'Connor
Deputy Assistant Clerk



FILED
IN CLERKS OFFICE

FILED
Clerks Office
USDC Mass.
Date
By_____
Deputy Clerk

2004 MAY 29  P 3:01

DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

## 04  11102 MLW

#04-1576

PACIFIC PACKAGING
PRODUCTS, INC.,
    Plaintiff,

v.

BALDWIN & CLARKE,
JEFFERSON PILOT SECURITIES CORP.,
BENEFIT STRATEGIES, LLC,
MICHAEL J. KENNEDY, AND
SCOTT D. LAVALLEY

    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. _____

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE COUNTY OF MIDDLESEX

JUN 1 7 2004

_____
CLERK

I HEREBY ATTEST AND CERTIFY ON 5/25/04
THAT THE FOREGOING DOCUMENT IS A FULL, TRUE
AND CORRECT COPY OF THE ORIGINAL ON FILE
IN MY OFFICE AND IN MY LEGAL CUSTODY.

CLERK, U.S. DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BY: _____

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Baldwin & Clarke Advisory Services, Inc. (identified by Plaintiff in the caption as "Baldwin & Clarke"), Jefferson Pilot Securities Corp., Michael J. Kennedy, and Scott D. LaValley hereby file this Notice of Removal. In connection therewith, the Defendants state as follows:

1.    <u>State Court Action</u>

Plaintiff Pacific Packaging Products, Inc. sued each of the aforementioned defendants, as well as Benefit Strategies, LLC, in the Superior Court of the Commonwealth of Massachusetts for Middlesex County, Civil Action No. 2004-01576, for negligence and indemnification.

2.    <u>Federal Jurisdiction</u>

All of the Plaintiff's claims arise out of the management of a 401K retirement benefits plan (the "Plan") established for the Plaintiff's employees. The Plan meets the definition of an "employee benefit plan" under the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, <u>et seq.</u>, ("ERISA"), so all of the Plaintiff's common law claims are preempted by ERISA.

BOS_446658_1.DOC/MDUBNOFF

29 U.S.C. § 1144(a).   Therefore, a federal question exists, and this Court has subject-matter jurisdiction, pursuant to 28 U.S.C. § 1331.   Consequently, removal to this Court is proper pursuant to 28 U.S.C. § 1441.

      3.    <u>Timeliness of Notice of Removal.</u>

     Defendants first received notice of the Complaint by receiving their respective Summonses and a copy of the Complaint on May 3, 2004.  Removal of this action is, therefore, timely under 28 U.S.C. §1446(b).

      4.    <u>Relief Requested.</u>

     Defendants request that the United States District Court for the District of Massachusetts assume jurisdiction over the above-captioned action.  Pursuant to 28 U.S.C. § 1446(a), copies of all process and pleadings served upon Defendants are attached as Exhibit A.  Certified copies of the entries in the Superior Court docket will be filed in connection with Defendants' Local Rule 81.1 Statement.

                Respectfully Submitted,
                BALDWIN & CLARKE,
                JEFFERSON PILOT SECURITIES CORP.,
                MICHAEL J. KENNEDY, AND
                SCOTT D. LAVALLEY,
                By their attorneys

                John D. Hughes (BBO# 243660)
                Mark B. Dubnoff (BBO# 637212)
                EDWARDS & ANGELL, LLP
                101 Federal Street
                Boston, MA  02110
                (617) 439-4444

May 24, 2004

BOS_446658_1.DOC/MDUBNOFF

## CERTIFICATE OF SERVICE

I, Mark B. Dubnoff, hereby certify that on this 24th day of May, 2004, I caused a copy of the foregoing document to be sent by first-class mail, postage prepaid, to Plaintiff's counsel, Lora M. McSherry, Esq., Phillips, Gerstein, Holber & Channen, LLP, 25 Kenoza Avenue, Haverhill, MA 01830.

Mark B. Dubnoff

BOS_446658_1.DOC/MDUBNOFF

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                          MIDDLESEX COUNTY SUPERIOR COURT
                                        Civil Action No.:

_____
Pacific Packaging Products, Inc.          )
                    Plaintiff             )
                                          )
            v.                            )
                                          )
Baldwin & Clarke,                         )
Jefferson Pilot Securities Corp.,         )
Benefit Strategies, LLC,                  )
Michael J. Kennedy, and                   )
Scott D. LaValley                         )
                    Defendants            )
_____           )

## COMPLAINT

### PARTIES

1.    The Plaintiff, Pacific Packaging Products, Inc. ("Plaintiff") is a Massachusetts
      Corporation with a principal place of business at 24 Industrial Way, Wilmington,
      Middlesex County, Massachusetts.

2.    The Defendant, Baldwin & Clarke Advisory Services, Inc. ("Baldwin & Clarke")
      is a New Hampshire Corporation with a place of business at Coldstream Park, 116
      B South River Road, Bedford, New Hampshire.

3.    The Defendant, Jefferson Pilot Securities Corp. ("Jefferson Pilot") is a New
      Hampshire corporation with a place of business at One Granite Place, Concord,
      New Hampshire

4.    The Defendant, Benefit Strategies LLC ("Benefit Strategies") is a New Hampshire
      Limited Liability Corporation with a business address of 1750 Elm Street, Suite
      302, Manchester, New Hampshire.

5.    Michael J. Kennedy is in individual with a known business address of 116B South
      River Road, Bedford, New Hampshire.

6.    Scott D. LaValley is an individual with a known business address of 116B South River Road, Bedford, New Hampshire.

## FACTUAL ALLEGATIONS

7.    On or about October, 2003 the Plaintiff, the Trustee of the Pacific Packaging Products, Inc. Employees 401K Plan ("Plan") entered into a business relationship with Michael J. Kennedy and Scott D. LaValley, who are the agents, employees and/or representatives of the Defendants Baldwin & Clarke and Jefferson Pilot. LaValley is the Managing Director of Financial Advising Services for Baldwin & Clarke. Kennedy and LaValley are registered representatives for Jefferson Pilot.

8.    Kennedy and LaValley were hired to act as the Plan's investment advisors.

9.    Kennedy and LaValley recommended to the Plaintiff that the Plan change investment vendors from MFS Funds to American Funds.

10.    Kennedy and/or LaValley contracted for services of Benefit Strategies to act as the Plan's administrator and facilitate the transfer from MFS Funds to American Funds.

11.    The Plaintiff, as Trustee, relied on Kennedy and LaValley to assist and oversee the entire process, including overseeing the functions of Benefit Strategies and to respond to the needs of the Plan and act in the best interests of the Plaintiff.

12.    On or about January 31, 2003, the MFS Funds were liquidated and all of the Defendants, acting on behalf of the Plaintiff, were required to purchase American Funds which were the most comparable in terms of investment objectives. This process is called "mapping".

13.    The Plaintiff reasonably relied on the knowledge and expertise of each of the Defendants to complete the mapping process, and to make the appropriate transfers.

14.    As a result of error on the part of the Defendants, certain funds from an MFS Fund were not transferred to the comparable American Fund.

15.    The error in transfer resulted in a loss to the participants of the Plan.

16.    As a result of that loss, the Plaintiff, as Trustee, was required to pay into the Plan

the sum of $56,659.00 to bring the earnings of the Plan participants within that particular fund up to the balance they would have earned had the correct funds been mapped and the transfer made.

17.    Despite requests by the Plaintiff, the Defendants have failed to acknowledge responsibility for the error and make any contribution to the Plaintiff for the $56,659.00 it paid into the Plan.

## CAUSE OF ACTION

(Each Cause of Action Specifically Incorporates by Reference All of the Paragraphs Previously Set Forth Herein)

### COUNT I
### NEGLIGENCE AGAINST BALDWIN & CLARKE

18.    At all times relevant hereto, the Defendant Baldwin & Clarke, through their employees, agents and representatives Michael J. Kennedy and Scott D. LaValley, had the duty and obligation to oversee the mapping process and proper transfer of funds from the MFS Funds to American Funds.

19.    The Plaintiff reasonably relied on the expertise and advice of the Defendant for this process.

20.    The Defendant negligently failed to perform its obligations to the Plaintiff.

21.    As a result of this negligence, Plaintiff suffered damage in the amount of $56,659.00.

### COUNT II
### NEGLIGENCE AGAINST JEFFERSON PILOT SECURITIES CORP.

22.    At all times relevant hereto, the Defendant, Jefferson Pilot Securities Corp., through their employees, agents and representatives Michael J. Kennedy and Scott D. LaValley, had the duty and obligation to oversee the mapping process and proper transfer of funds from the MFS Funds to American Funds.

23.    The Plaintiff reasonably relied on the expertise and advice of the Defendant, Jefferson Pilot Securities Corp.

24.    The Defendant negligently failed to perform its obligations.

25.   As a result of this negligence, Plaintiff suffered damage in the amount of $56,659.00.

## COUNT III
## NEGLIGENCE AGAINST BENEFIT STRATEGIES, LLC

26.   At all times relevant hereto, the Defendant Benefit Strategies LLC, had the duty and obligation to oversee the mapping process and proper transfer of funds from the MFS Funds to American Funds.

27.   The Plaintiff reasonably relied on the expertise and advice of the Defendant, Benefit Strategies LLC to perform its obligations.

28.   The Defendant negligently failed to perform its obligations.

29.   As a result of this negligence, Plaintiff suffered damage in the amount of $56,659.00.

## COUNT IV
## NEGLIGENCE AGAINST MICHAEL J. KENNEDY

30.   At all times relevant hereto, the Defendant Michael J. Kennedy, had the duty and obligation to oversee the mapping process and proper transfer of funds from the MFS Funds to American Funds.

31.   The Plaintiff reasonably relied on the expertise and advice of the Defendant, Michael J. Kennedy to perform its obligations.

32.   The Defendant negligently failed to perform its obligations.

33.   As a result of this negligence, Plaintiff suffered damage in the amount of $56,659.00.

## COUNT V
## NEGLIGENCE AGAINST SCOTT D. LAVALLEY

34.   At all times relevant hereto, the Defendant Scott D. LaValley, had the duty and obligation to oversee the mapping process and proper transfer of funds from the MFS Funds to American Funds.

35.     The Plaintiff reasonably relied on the expertise and advice of the Defendant, Scott D. LaValley to perform its obligations.

36.     The Defendant negligently failed to perform its obligations.

37.     As a result of this negligence, Plaintiff suffered damage in the amount of $56,659.00.

## COUNT VI
## INDEMNIFICATION FROM BALDWIN & CLARKE

38.     It was the duty, obligation and responsibility of Baldwin & Clarke to oversee the mapping process and proper transfer of funds from the MFS Funds to American Funds.

39.     The Defendant failed to perform this obligation, whether by negligence, omissions or intentional conduct.

40.     The damages resulting to the Plaintiff were caused by the failure of the Defendant.

41.     The Defendant should indemnify the Plaintiff for the $56,659.00 in damages it has suffered.

## COUNT VII
## INDEMNIFICATION FROM JEFFERSON PILOT SECURITIES

42.     It was the duty, obligation and responsibility of Jefferson Pilot Securities to oversee the mapping process and proper transfer of funds from the MFS Funds to American Funds.

43.     The Defendant failed to perform this obligation, whether by negligence, omission or intentional conduct.

44.     The damages resulting to the Plaintiff were caused by the failure of the Defendant.

45.     The Defendant should indemnify the Plaintiff for the $56,659.00 in damages it has suffered.

## COUNT VIII
## INDEMNIFICATION FROM BENEFIT STRATEGIES, LLC

46.   It was the duty, obligation and responsibility of Benefit Strategies LLC to oversee the mapping process and proper transfer of funds from the MFS Funds to American Funds.

47.   The Defendant failed to perform this obligation, whether by negligence, omission or intentional conduct.

48.   The damages caused to the Plaintiff were caused by the failure of the Defendant.

49.   The Defendant should indemnify the Plaintiff for the $56,659.00 in damages it has suffered.

## COUNT IX
## INDEMNIFICATION FROM MICHAEL J. KENNEDY

50.   It was the duty, obligation and responsibility of Michael J. Kennedy to oversee the mapping process and proper transfer of funds from the MFS Funds to American Funds.

51.   The Defendant failed to perform this obligation, whether by negligence, omission or intentional conduct.

52.   The damages caused to the Plaintiff were caused by the failure of the Defendant.

53.   The Defendant should indemnify the Plaintiff for the $56,659.00 in damages it has suffered.

## COUNT X
## INDEMNIFICATION FROM SCOTT D. LAVALLEY

54.   It was the duty, obligation and responsibility of Scott D. LaValley to oversee the mapping process and proper transfer of funds from the MFS Funds to American Funds.

55.   The Defendant failed to perform this obligation, whether by negligence, omission or intentional conduct.

56. The damages caused to the Plaintiff were caused by the failure of the Defendant.

57. The Defendant should indemnify the Plaintiff for the $56,659.00 in damages it has suffered.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter the following relief:

(a) Judgment be awarded to Plaintiff against each of the Defendants, together with interest and costs of this action;

(b) Plaintiff be awarded reasonable attorneys' fees and costs; and

(c) For such other and further relief as this Court may deem reasonable.

Respectfully Submitted,
Pacific Packaging Products, Inc.
By Their Attorneys,

Lora M. McSherry, Esq., BBO# 551695
Herbert P. Phillips, Esq., BBO# 398420
Phillips, Gerstein, Holber & Channen, LLP
25 Kenoza Avenue
Haverhill, MA 01830
(978) 374-1131

Dated: April 9 , 2004

-7-

TO PLAINTIFF    ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

.......... MIDDLESEX .......... , ss
[seal]

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. MICV-2004-01576-A

Pacific Packaging Products, Inc. Plaintiff(s)

v.

Baldwin & Clarke et al. , Defendant(s)

### SUMMONS

To the above-named Defendant: John J. Clarke, Jr.

You are hereby summoned and required to serve upon .......... Lora M. McSherry ..........
.......... plaintiff's attorney, whose address is 25 Kenoza Ave,
Haverhill, MA 01830 ..........
.........., and Tracking Order
.........., an answer to the complaint which is herewith
served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you
fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also
required to file your answer to the complaint in the office of the Clerk of this court at 40 Thorndike St.
.......... Cambridge, MA 02141 ..........
.......... either before service upon plaintiff's attorney or within a
reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio Esquire, at Cambridge
the .......... 15th .......... day of .......... April ..........
.........., in the year of our Lord .......... 2004 ..........

\* served pursuant to the Massachusetts
Long Arm Statute as set forth in
Mass R.Civ.P.R. 4(e) via
Certified Mail #7002 2410 0000 8251 5885

_Edward J. Sullivan_

Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used
for each defendant, each should be addressed to the particular defendant.

UNO. SUP. — 001

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ........................................................................................................................................
19.........., I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

........................................................................................................................................................................
........................................................................................................................................................................
........................................................................................................................................................................
........................................................................................................................

Dated: ..............................................................................................................................

**N.B. TO PROCESS SERVER:**
    **PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

(_____)
(    ....................................................)
(_____)

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX ......, ss.

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. MICV-2004-01576-A

Pacific Packaging Products, Inc., Pltf.

v.

Baldwin & Clarke et al. ..............Deft.

SUMMONS
(Mass. R. Civ. P. 4)

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. MICV-2004-01576-A

.................... MIDDLESEX .................... , ss
[seal]

Pacific Packaging Products, Inc., Plaintiff(s)

v.

Baldwin & Clarke et al. , Defendant(s)

## SUMMONS

To the above-named Defendant Michael J. Kennedy

You are hereby summoned and required to serve upon ...Lora M. McSherry..............................

................................................ plaintiff's attorney, whose address is ..25 Kenoza Ave.

....Haverhill, MA 01830.................................................., an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at ..40 Thorndike St.,

..Cambridge, MA 02141...........................................................

....................................................... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, .Suzanne V. DelVecchio Esquire, at ...Cambridge................................

the ..........15th.................................................... day of ..........April...............................

...................., in the year of our Lord ..2004......................................

\* served pursuant to the Massachusetts
Long Arm Statute as set forth in
Mass. R.Civ.P.R.4(e) via
Certified Mail #7002 2410 0000 8251 5830

_Edward J Sullivan_

Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ...............................................................................................................
19.........., I served a copy of the within summons, together with a copy of the complaint in this action,
upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

.....................................................................................................................................................................
.....................................................................................................................................................................
.....................................................................................................................................................................
                                        ..........................................................................................................

Dated: ...............................................................................................................

### N.B.  TO PROCESS SERVER:
**PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS
BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

(_____)

(    ................................................)

(_____)

---

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ............, ss.

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. MICV-2004-01576-A

Pacific Packaging Products, Inc., Plf.

v.

Baldwin & Clarke et al. ..............., Def.

SUMMONS
(Mass. R. Civ. P. 4)

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX ................, ss
[seal]

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. MICV-2004-01576-

Pacific Packaging Products, Inc.
..............................., Plaintiff(s)

v.

Baldwin & Clarke et al.
..............................., Defendant(s)

## SUMMONS

To the above-named Defendant: Scott D. LaValley

You are hereby summoned and required to serve upon ...Dana M. McSherry.......

................................... plaintiff's attorney, whose address is ..25 Kenoza Ave...........
and Tracking Order
Haverhill, MA 01830 ........................, an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at 40 Thorndike St.......

Cambridge, MA 02141 .............................., either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at ...Cambridge.........................

the ................15th........................ day of ....April.............................

......................, in the year of our Lord .................2004.......................

\* served pursuant to the Massachusetts
Long Arm Statute as set forth in
Mass. R.Civ.P.R. 4(e) via
Certified Mail #7002 2410 0000 8251 5

*Edward J Sullivan*

Clerk

NOTES.

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ..................................................................................................
19.........., I served a copy of the within summons, together with a copy of the complaint in this action,
upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

............................................................................................................................................

............................................................................................................................................

............................................................................................................................................

.................................................................................................................

Dated: ...................................................................................................................


**N.B. TO PROCESS SERVER:**
   **PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS**
   **BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

( _____ )

( .............................................................. )

( _____ )


COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. MICV-2004-01576-A

MIDDLESEX .........., ss.

Pacific Packaging Products, Inc., Ptf.

v.

Baldwin & Clarke et al. .............., Def.

SUMMONS
(Mass. R. Civ. P. 4)

TO PLAINTIFF'S A.    .JRNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX , ss
[seal]

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.
MICV-2004-01576-A

Pacific Packaging Products, Inc.,Plaintiff(s)

v.

Baldwin & Clarke et al.
, Defendant(s)

## SUMMONS

To the above-named Defendant: Timothy L. Stickney, Registered Agent for
Jefferson Pilot Securities Corporation
You are hereby summoned and required to serve upon ........Lora M. McSherry........................................

.............................................. plaintiff's attorney, whose address is ..25 Kenoza Ave...........

Haverhill, MA 01830                                        and Tracking Order
........................................................., an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at .40 Thorndike St....

Cambridge, MA 02141
........................................................ either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Suzanne V. DelVecchio
Witness, R.................................Esquire, at ...Cambridge...............................................

the ...15th...................................... day of .........April...............................................

......................., in the year of our Lord .....2004....................................

* served pursuant to the Massachusetts
Long Arm Statute as set forth in
Mass. R.Civ.P.R. 4(e) via
Certified Mail #7002 2410 0000 8251 5892

*Edward J Sullivan*

Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used
for each defendant, each should be addressed to the particular defendant.

NO. SUP. — 001

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ....................................................................................................
19........., I served a copy of the within summons, together with a copy of the complaint in this action,
upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

........................................................................................................................................................

........................................................................................................................................................

........................................................................................................................................................

........................................................................................

Dated: ..............................................................................................................

**N.B.  TO PROCESS SERVER:**
   **PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS
   BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

( _____ )

(    ...................................................., ............ )

( _____ )

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX......, ss.

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. MICV-2004-01576-A

Pacific Packaging Products, Inc...., Plff.

v.

Baldwin & Clarke et al................, Deft.

SUMMONS
(Mass. R. Civ. P. 4)

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                    MIDDLESEX COUNTY SUPERIOR COURT
                                                 Civil Action No.:



04-1576

| | |
|---|---|
| Pacific Packaging Products, Inc. | ) |
|     Plaintiff | ) |
| | ) |
|     v. | ) |
| | ) |
| Baldwin & Clarke, | ) |
| Jefferson Pilot Securities Corp., | ) |
| Benefit Strategies, LLC, | ) |
| Michael J. Kennedy, and | ) |
| Scott D. LaValley | ) |
|     Defendants | ) |
| | ) |

FILED
AT THE OFFICE OF THE
CLERK OF THE COURTS
MIDDLESEX

APR 14 2004
04/14/04  08:22#0000  5923  CLERK E
ENTRY:           240.00
SURCHARGE         15.00
SUMMONS           25.00
SECG              20.00
041576 #
SUBTTL           300.00
TOTAL  300.00
CHECK            300.00

## COMPLAINT

## PARTIES

1.   The Plaintiff, Pacific Packaging Products, Inc. ("Plaintiff") is a Massachusetts
     Corporation with a principal place of business at 24 Industrial Way, Wilmington,
     Middlesex County, Massachusetts.

2.   The Defendant, Baldwin & Clarke Advisory Services, Inc. ("Baldwin & Clarke")
     is a New Hampshire Corporation with a place of business at Coldstream Park, 116
     B South River Road, Bedford, New Hampshire.

3.   The Defendant, Jefferson Pilot Securities Corp. ("Jefferson Pilot") is a New
     Hampshire corporation with a place of business at One Granite Place, Concord,
     New Hampshire

4.   The Defendant, Benefit Strategies LLC ("Benefit Strategies") is a New Hampshire
     Limited Liability Corporation with a business address of 1750 Elm Street, Suite
     302, Manchester, New Hampshire.

5.   Michael J. Kennedy is in individual with a known business address of 116B South
     River Road, Bedford, New Hampshire.

6.  Scott D. LaValley is an individual with a known business address of 116B South River Road, Bedford, New Hampshire.

## FACTUAL ALLEGATIONS

7.  On or about October, 2003 the Plaintiff, the Trustee of the Pacific Packaging Products, Inc. Employees 401K Plan ("Plan") entered into a business relationship with Michael J. Kennedy and Scott D. LaValley, who are the agents, employees and/or representatives of the Defendants Baldwin & Clarke and Jefferson Pilot. LaValley is the Managing Director of Financial Advising Services for Baldwin & Clarke. Kennedy and LaValley are registered representatives for Jefferson Pilot.

8.  Kennedy and LaValley were hired to act as the Plan's investment advisors.

9.  Kennedy and LaValley recommended to the Plaintiff that the Plan change investment vendors from MFS Funds to American Funds.

10. Kennedy and/or LaValley contracted for services of Benefit Strategies to act as the Plan's administrator and facilitate the transfer from MFS Funds to American Funds.

11. The Plaintiff, as Trustee, relied on Kennedy and LaValley to assist and oversee the entire process, including overseeing the functions of Benefit Strategies and to respond to the needs of the Plan and act in the best interests of the Plaintiff.

12. On or about January 31, 2003, the MFS Funds were liquidated and all of the Defendants, acting on behalf of the Plaintiff, were required to purchase American Funds which were the most comparable in terms of investment objectives. This process is called "mapping".

13. The Plaintiff reasonably relied on the knowledge and expertise of each of the Defendants to complete the mapping process, and to make the appropriate transfers.

14. As a result of error on the part of the Defendants, certain funds from an MFS Fund were not transferred to the comparable American Fund.

15. The error in transfer resulted in a loss to the participants of the Plan.

16. As a result of that loss, the Plaintiff, as Trustee, was required to pay into the Plan

the sum of $56,659.00 to bring the earnings of the Plan participants within that particular fund up to the balance they would have earned had the correct funds been mapped and the transfer made.

17.    Despite requests by the Plaintiff, the Defendants have failed to acknowledge responsibility for the error and make any contribution to the Plaintiff for the $56,659.00 it paid into the Plan.

## CAUSE OF ACTION

(Each Cause of Action Specifically Incorporates
by Reference All of the Paragraphs Previously Set Forth Herein)

### COUNT I
### NEGLIGENCE AGAINST BALDWIN & CLARKE

18.    At all times relevant hereto, the Defendant Baldwin & Clarke, through their employees, agents and representatives Michael J. Kennedy and Scott D. LaValley, had the duty and obligation to oversee the mapping process and proper transfer of funds from the MFS Funds to American Funds.

19.    The Plaintiff reasonably relied on the expertise and advice of the Defendant for this process.

20.    The Defendant negligently failed to perform its obligations to the Plaintiff.

21.    As a result of this negligence, Plaintiff suffered damage in the amount of $56,659.00.

### COUNT II
### NEGLIGENCE AGAINST JEFFERSON PILOT SECURITIES CORP.

22.    At all times relevant hereto, the Defendant, Jefferson Pilot Securities Corp., through their employees, agents and representatives Michael J. Kennedy and Scott D. LaValley, had the duty and obligation to oversee the mapping process and proper transfer of funds from the MFS Funds to American Funds.

23.    The Plaintiff reasonably relied on the expertise and advice of the Defendant, Jefferson Pilot Securities Corp.

24.    The Defendant negligently failed to perform its obligations.

-3-