25. As a result of this negligence, Plaintiff suffered damage in the amount of $56,659.00.

## COUNT III
## NEGLIGENCE AGAINST BENEFIT STRATEGIES, LLC

26. At all times relevant hereto, the Defendant Benefit Strategies LLC, had the duty and obligation to oversee the mapping process and proper transfer of funds from the MFS Funds to American Funds.

27. The Plaintiff reasonably relied on the expertise and advice of the Defendant, Benefit Strategies LLC to perform its obligations.

28. The Defendant negligently failed to perform its obligations.

29. As a result of this negligence, Plaintiff suffered damage in the amount of $56,659.00.

## COUNT IV
## NEGLIGENCE AGAINST MICHAEL J. KENNEDY

30. At all times relevant hereto, the Defendant Michael J. Kennedy, had the duty and obligation to oversee the mapping process and proper transfer of funds from the MFS Funds to American Funds.

31. The Plaintiff reasonably relied on the expertise and advice of the Defendant, Michael J. Kennedy to perform its obligations.

32. The Defendant negligently failed to perform its obligations.

33. As a result of this negligence, Plaintiff suffered damage in the amount of $56,659.00.

## COUNT V
## NEGLIGENCE AGAINST SCOTT D. LAVALLEY

34. At all times relevant hereto, the Defendant Scott D. LaValley, had the duty and obligation to oversee the mapping process and proper transfer of funds from the MFS Funds to American Funds.

35. The Plaintiff reasonably relied on the expertise and advice of the Defendant, Scott D. LaValley to perform its obligations.

36. The Defendant negligently failed to perform its obligations.

37. As a result of this negligence, Plaintiff suffered damage in the amount of $56,659.00.

## COUNT VI
## INDEMNIFICATION FROM BALDWIN & CLARKE

38. It was the duty, obligation and responsibility of Baldwin & Clarke to oversee the mapping process and proper transfer of funds from the MFS Funds to American Funds.

39. The Defendant failed to perform this obligation, whether by negligence, omissions or intentional conduct.

40. The damages resulting to the Plaintiff were caused by the failure of the Defendant.

41. The Defendant should indemnify the Plaintiff for the $56,659.00 in damages it has suffered.

## COUNT VII
## INDEMNIFICATION FROM JEFFERSON PILOT SECURITIES

42. It was the duty, obligation and responsibility of Jefferson Pilot Securities to oversee the mapping process and proper transfer of funds from the MFS Funds to American Funds.

43. The Defendant failed to perform this obligation, whether by negligence, omission or intentional conduct.

44. The damages resulting to the Plaintiff were caused by the failure of the Defendant.

45. The Defendant should indemnify the Plaintiff for the $56,659.00 in damages it has suffered.

## COUNT VIII
## INDEMNIFICATION FROM BENEFIT STRATEGIES, LLC

46. It was the duty, obligation and responsibility of Benefit Strategies LLC to oversee the mapping process and proper transfer of funds from the MFS Funds to American Funds.

47. The Defendant failed to perform this obligation, whether by negligence, omission or intentional conduct.

48. The damages caused to the Plaintiff were caused by the failure of the Defendant.

49. The Defendant should indemnify the Plaintiff for the $56,659.00 in damages it has suffered.

## COUNT IX
## INDEMNIFICATION FROM MICHAEL J. KENNEDY

50. It was the duty, obligation and responsibility of Michael J. Kennedy to oversee the mapping process and proper transfer of funds from the MFS Funds to American Funds.

51. The Defendant failed to perform this obligation, whether by negligence, omission or intentional conduct.

52. The damages caused to the Plaintiff were caused by the failure of the Defendant.

53. The Defendant should indemnify the Plaintiff for the $56,659.00 in damages it has suffered.

## COUNT X
## INDEMNIFICATION FROM SCOTT D. LAVALLEY

54. It was the duty, obligation and responsibility of Scott D. LaValley to oversee the mapping process and proper transfer of funds from the MFS Funds to American Funds.

55. The Defendant failed to perform this obligation, whether by negligence, omission or intentional conduct.

56. The damages caused to the Plaintiff were caused by the failure of the Defendant.

57. The Defendant should indemnify the Plaintiff for the $56,659.00 in damages it has suffered.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter the following relief:

(a) Judgment be awarded to Plaintiff against each of the Defendants, together with interest and costs of this action;

(b) Plaintiff be awarded reasonable attorneys' fees and costs; and

(c) For such other and further relief as this Court may deem reasonable.

Respectfully Submitted,
Pacific Packaging Products, Inc.
By Their Attorneys,

_____
Lora M. McSherry, Esq., BBO# 551695
Herbert P. Phillips, Esq., BBO# 398420
Phillips, Gerstein, Holber & Channen, LLP
25 Kenoza Avenue
Haverhill, MA 01830
(978) 374-1131

Dated: April 9, 2004

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 04-1576 | Trial Court of Massachusetts Superior Court Department County: Middlesex |
|---|---|---|
| PLAINTIFF(S) Pacific Packaging Products, Inc. | | DEFENDANT(S) Baldwin & Clarke, Jefferson Pilot, Benefit Strategies LLC, Michael J. Kennedy and Scott D. LaValley |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Lora M. McSherry, BBO# 551695 (978) 374-1131 Herbert P. Phillips, BBO# 398420 Phillips, Gerstein, Holber & Channen LLP 25 Kenoza Ave., Haverhill, MA 01830 Board of Bar Overseers number: | | ATTORNEY (if known) |

Origin code and track designation

Place an x in one box only:
[X] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| D06 | Indemnification | (F) | ( ) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
  2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
  3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
  4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
  5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
                                                                                                                 Subtotal $
B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . . . . . . $
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
F. Other documented items of damages (describe)
                                                                                                                 $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                                                                                                 $ . . . . . . . . . . . .
                                                                                                        TOTAL $ . . . . . . . . . . .

FILED IN THE OFFICE OF THE CLERK OF THE COURTS FOR THE COUNTY OF MIDDLESEX APR 14 2004 Edward J. Sullivan CLERK

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s): The Defendants were hired based on their expertise and knowledge to act in various capacities for the Plaintiff, who was Trustee of the Pacific Packaging Products, Inc. 401K Plan. Due to the negligence of the Defendants to perform their duties and responsibilities, the Plaintiff has been damaged.

TOTAL $. 56,659.00...

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____ DATE: 4/9/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

# Commonwealth of Massachusetts
## MIDDLESEX SUPERIOR COURT
### Case Summary
### Civil Docket

## MICV2004-01576
### Pacific Packaging Products, Inc. v Baldwin & Clarke Advisory Services, Inc. et al

| | | | | | | |
|---|---|---|---|---|---|---|
| **File Date** | 04/14/2004 | **Status** | Disposed: transferred to other court (dtrans) | | | |
| **Status Date** | 06/17/2004 | **Session** | A - Cv A (12A Cambridge) | | | |
| **Origin** | 1 | **Case Type** | D06 - Contribution/indemnification | | | |
| **Lead Case** | | **Track** | F | | | |
| **Service** | 07/13/2004 | **Answer** | 09/11/2004 | | **Rule12/19/20** | 09/11/2004 |
| **Rule 15** | 09/11/2004 | **Discovery** | 02/08/2005 | | **Rule 56** | 03/10/2005 |
| **Final PTC** | 04/09/2005 | **Disposition** | 06/08/2005 | | **Jury Trial** | Unknown |

### PARTIES

**Plaintiff**
Pacific Packaging Products, Inc.
24 Industrial Way
Active 04/14/2004

**Private Counsel 551695**
Lora M McSherry
Phillips Gerstein Holber & Channen
25 Kenoza Avenue
Haverhill, MA 01830
Phone: 978-374-1131
Active 04/14/2004 Notify

**Private Counsel 398420**
Herbert P Phillips
Phillips Gerstein Holber & Channen
25 Kenoza Avenue
PO Box 909
Haverhill, MA 01831
Phone: 978-374-1131
Fax: 978-372-3086
Active 04/14/2004 Notify

**Private Counsel 551695**
Lora M McSherry
Phillips Gerstein Holber & Channen
25 Kenoza Avenue
Haverhill, MA 01830
Phone: 978-374-1131
Active 06/17/2004 Notify

**Defendant**
Baldwin & Clarke Advisory Services, Inc.
Coldstream Park
116 B South River Road
Served: 05/03/2004
Served (answr pending) 05/03/2004

**Private Counsel 243660**
John D Hughes
Edwards & Angell
101 Federal Street
Boston, MA 02110
Phone: 617-439-4444
Fax: 617-439-4170
Active 06/17/2004 Notify

MAS-20031124
gilmanr
Case 1:04-cv-11102-ML Document 8-2 Filed 06/25/2004 Page 7 of 9
Commonwealth of Massachusetts
MIDDLESEX SUPERIOR COURT
Case Summary
Civil Docket
06/18/2004
11:12 AM

## MICV2004-01576
### Pacific Packaging Products, Inc. v Baldwin & Clarke Advisory Services, Inc. et al

| | |
|---|---|
| | **Private Counsel 637212**<br>Mark B. Dubnoff<br>Edwards & Angell<br>101 Federal Street<br>Boston, MA 02110<br>Phone: 617-439-4444<br>Fax: 617-439-4170<br>Active 06/17/2004 Notify |
| **Defendant**<br>Jefferson Pilot Securities Corporation<br>One Granite Place<br>Served: 05/03/2004<br>Served (answr pending) 05/03/2004 | **Private Counsel 243660**<br>John D Hughes<br>Edwards & Angell<br>101 Federal Street<br>Boston, MA 02110<br>Phone: 617-439-4444<br>Fax: 617-439-4170<br>Active 06/17/2004 Notify |
| | **Private Counsel 637212**<br>Mark B. Dubnoff<br>Edwards & Angell<br>101 Federal Street<br>Boston, MA 02110<br>Phone: 617-439-4444<br>Fax: 617-439-4170<br>Active 06/17/2004 Notify |
| **Defendant**<br>Benefit Strategies LLC<br>1750 Elm Street<br>Suite 302<br>Served: 05/03/2004<br>Served (answr pending) 05/03/2004 | |
| **Defendant**<br>Michael J. Kennedy<br>116B South River Road<br>Served: 05/03/2004<br>Served (answr pending) 05/03/2004 | **Private Counsel 243660**<br>John D Hughes<br>Edwards & Angell<br>101 Federal Street<br>Boston, MA 02110<br>Phone: 617-439-4444<br>Fax: 617-439-4170<br>Active 06/17/2004 Notify |

Commonwealth of Massachusetts
MIDDLESEX SUPERIOR COURT
Case Summary
Civil Docket

### MICV2004-01576
### Pacific Packaging Products, Inc. v Baldwin & Clarke Advisory Services, Inc. et al

**Private Counsel 637212**
Mark B. Dubnoff
Edwards & Angell
101 Federal Street
Boston, MA 02110
Phone: 617-439-4444
Fax: 617-439-4170
Active 06/17/2004 Notify

**Defendant**
Scott D. LaValley
116B South River Road
Served: 05/03/2004
Served (answr pending) 05/03/2004

**Private Counsel 243660**
John D Hughes
Edwards & Angell
101 Federal Street
Boston, MA 02110
Phone: 617-439-4444
Fax: 617-439-4170
Active 06/17/2004 Notify

**Private Counsel 637212**
Mark B. Dubnoff
Edwards & Angell
101 Federal Street
Boston, MA 02110
Phone: 617-439-4444
Fax: 617-439-4170
Active 06/17/2004 Notify

## ENTRIES

| Date | Paper | Text |
|---|---|---|
| 04/14/2004 | 1.0 | Complaint & civil action cover sheet filed |
| 04/14/2004 | | Origin 1, Type D06, Track F. |
| 05/11/2004 | 2.0 | SERVICE RETURNED: Michael J. Kennedy(Defendant) 05/03/04 by certified mail return receipt attached, Baldwin & Clarke Co., 116B South River Road, Bedford, MA |
| 05/11/2004 | 3.0 | SERVICE RETURNED: Scott D. LaValley(Defendant) 05/03/04 by certified mail return receipt attached, Baldwin & Clarke Co., 116B South River Road, Bedford, MA |
| 05/11/2004 | 4.0 | SERVICE RETURNED: Jefferson Pilot Securities Corporation(Defendant) 05/03/04 by certified mail return receipt attached, Timothy L. Stickney, agent, One Granite Place, Concord, NH 03301 |
| 05/11/2004 | 5.0 | SERVICE RETURNED: Paul G. Smith agent of Benefit Strategies LLC(Defendant) 05/11/04 by certified mail return receipt attached, 53 Lesngh Road, Goffstown, NH 03045 |
| 05/11/2004 | 6.0 | SERVICE RETURNED: John J. Clarke, Jr., Baldwin & Clarke Advisory Services, Inc.(Defendant) 05/03/04 by certified mail return receipt attached, Baldwin & Clarke Co., 116B South River Road, Bedford, MA |
| 06/17/2004 | 7.0 | Case REMOVED this date to US District Court of Massachusetts by defts Baldwin & Clarke, et al |
| 06/17/2004 | | ABOVE ACTION THIS DAY REMOVED TO US DISTRICT COURT |

case01 193785 y y y y n n